QUESTION: Is it permissible for the Department of Agriculture to make direct arrangements with restaurants and motels to provide meals and lodging for the employees of the department who are called upon on short notice to travel during an emergency situation?
SUMMARY: Pursuant to s. 112.061, F. S. (1974 Supp.), vouchers for travel expense reimbursement should be filed by the separate individuals incurring the expenses; and the agency is not authorized to pay the vendor directly. Section 112.061, F. S. (1974 Supp.), which controls per diem and traveling expenses of public officers, employees, and authorized persons, consistently speaks in terms of reimbursement. And, as reimbursement means to pay back, there is contemplated an expenditure by the traveler for which he will be repaid after filing the voucher form pursuant to s. 112.061(12)(b). Section 112.061(11), F. S. (1974 Supp.), provides that . . . any claim authorized or required to be made under any provision of this section shall contain a statement that the expenses were actually incurred by the traveler as necessary traveling expenses in the performance of his official duties and shall be verified by a written declaration that it is true and correct in every material matter . . . . In a letter dated May 8, 1970, to A. R. Brautigam, then Executive Director of the Department of Business Regulation, my predecessor in office was faced with the question of whether each individual attending a luncheon should file a separate travel expense reimbursement voucher or whether one voucher and one warrant to the vendor is the proper method of payment. Therein it was stated: Pertinent to your question is the requirement that reimbursement be to the "traveler," in the words of the statute, and not to the person furnishing the services to the traveler. I find no provision in the above section allowing payment from state funds for travel and per diem to persons other than to the person incurring the authorized expenses. It is my conclusion therefore that the warrants issued in payment of travel expense reimbursement, if any, should be to the separate individuals incurring the expenses. . . . Although the statute has been amended several times since that opinion was expressed, such amendments are not relevant to the question now before me. And, as my present research has disclosed no reason for me to change that view, it is reaffirmed and is dispositive of this question. Your question is answered in the negative.